**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-LANSING**

**IN THE MATTER OF:**

Andrea N. Matkovic,                                   Bankruptcy Case No. 04-13723
                                                       Honorable Jo Ann C. Stevenson
                        Debtor.                        Chapter 7

_____/

Kelly M. Hagan, Trustee,

                 Plaintiff,

v.                                                     Adversary Proceeding No.

Premiere Property Investments,
a Michigan co-partnership,
Tony Guerrero and Bradley Kline,

                 jointly and severally,

                 Defendants.

_____/

_____**TRUSTEE'S COMPLAINT TO AVOID FRAUDULENT TRANSFER**_____
_____**PURSUANT TO 11 U.S.C. §548 AND §544(b)**_____

        Trustee, Kelly M. Hagan, by and through her attorneys, Beadle, Burket, Sweet & Savage, P.L.C., states for her Complaint to Avoid Fraudulent Transfer pursuant to 11 U.S.C. §548 and §544(b) as follows:

**Jurisdiction**

        1.      Premiere Property Investments ("Premiere") is a Michigan co-partnership with a principal mailing address of 1604 Biltmore, Lansing, MI 48906.

        2.      Bradley L. Kline ("Kline") is a co-partner of Premiere having a mailing address of 911 Larned, Lansing, MI 48912.

        3.      Tony Guerrero ("Guerrero") is a co-partner of Premiere having a mailing address of 1604 Biltmore, Lansing, MI 48906.  Premiere, Kline, and Guerrero are collectively referred to as ("Defendants").

1

4.       This Court has jurisdiction to preside over this proceeding, pursuant to 28 U.S.C. § 1334.

5.       This Adversary Proceeding is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(H).

6.       This adversary proceeding relates to the bankruptcy case of Andrea N. Matkovic, Western District of Michigan, Case Number 04-13723.

### General Allegations

7.       On November 8, 2004, Andrea N. Matkovic ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978 as Amended, Title 11 ("Petition Date").

8.       Subsequent to the aforementioned filing, Kelly M. Hagan was appointed the duly qualified and acting Trustee in this matter.

9.       On March 31, 2004 , Debtor purchased a fee simple interest in real property commonly known as 2376 Wieman Road, Beaverton, Michigan 48612 ("Property") for the sum of $110,000.

10.      As part of the purchase of the Property, Debtor executed a mortgage note and mortgage secured by the Property in the amount of $88,000 in favor BNC Mortgage, Inc. ("Mortgage").

11.      Upon closing on the Mortgage transaction, a portion of the Mortgage proceeds, in the amount of $28,000, was paid to Premiere Property Investments ("Transfer").  A copy of the Settlement Statement and Ledger Sheet from Michigan Title is attached hereto as Exhibit A and B indicating the disbursement.

### COUNT I

### AVOIDANCE BY THE TRUSTEE OF THE TRANSFER OF MORTGAGE TO DEFENDANT PURSUANT TO 11 U.S.C. §548(a)(1)

12.      Trustee re-alleges and reincorporates Paragraphs 1 through 11 above as though more fully set forth herein.

13.      Transfer occurred within a year before the date of the filing of the Debtor's bankruptcy petition.

2

14.     Debtor made the Transfer with actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date of the Transfer, indebted.

15.     Debtor received less than a reasonably equivalent value in exchange for the Transfer.

16.     Debtor was insolvent on the date that the Transfer occurred or became insolvent as a result of such Transfer.

17.     Debtor was engaged in business or a transaction for which the Property remaining with the Debtor after the Transfer was an unreasonably small capital.

**WHEREFORE**, the Trustee prays that this Honorable Court avoid the payment of $28,000 to Defendant, Premier Property Investments, and hold Tony Guerrero and Bradley Kline jointly and severally liable with Premier Property Investments.

## COUNT II

### AVOIDANCE OF CONVEYANCES AS FRAUDULENT PURSUANT TO 11 U.S.C. §544(b)(2)

18.     Trustee re-alleges and incorporates by reference Paragraphs 1 through 17 of the Complaint as is fully stated herein.

19.     The Transfer occurred within six years before the Petition Date.

20.     A creditor of the Debtor exists holding an allowed unsecured claim that may avoid the Transfer under applicable state law.

21.     The Transfer may be avoided pursuant to MCLA §566.31 *et seq* (Uniform Fraudulent Transfers Act).

22.     The Transfer was made with actual intent to hinder, delay or defraud creditors of the Debtor.

23.     The Debtor was insolvent at the time of Transfer.

24.     The Debtor did not receive reasonably equivalent value in exchange for Transfer.

25.     Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due at the time of Transfer.

3

**WHEREFORE**, the Trustee prays that this Honorable Court avoid the payment of $28,000 to Defendant, Premier Property Investments, and hold Tony Guerrero and Bradley Kline jointly and severally liable with Premier Property Investments.

## COUNT III

### RECOVERY OF THE VALUE OF THE TRANSFER PURSUANT TO 11 U.S.C. §550

26.     Trustee re-alleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27.     Defendants are  the initial transferees of the Transfer.

28.     The value of the Transfer is $28,000.

**WHEREFORE**, the Trustee, Kelly M. Hagan, respectfully requests that this Honorable Court to enter judgment in favor of the Trustee and against the Premiere, Guerrero and Kline, jointly and severally, in the amount of $28,000 plus interest from the date of the Trustee's demand letter and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

BEADLE, BURKET, SWEET & SAVAGE, PLC

By:/s/ Kevin M. Smith
Kevin M. Smith (P48976)
Attorneys for Trustee
803 W. Big Beaver Rd., Suite 203A
Troy, MI  48084
(248) 744-0330

Dated: 3/23/05

4