**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-LANSING**

**IN THE MATTER OF:**

| | |
|---|---|
| Andrea N. Matkovic, | Bankruptcy Case No. 04-13723 |
| | Honorable Jo Ann C. Stevenson |
| Debtor. | Chapter 7 |

_____/

Kelly M. Hagan, Trustee,

          Plaintiff,                    Adversary Case No.
                                       Honorable Walter Shapero

v.

Howard LaDuke, Jr.,

          Defendant.

_____/

**TRUSTEE'S COMPLAINT TO AVOID TRANSFER**
**OF MORTGAGE PURSUANT TO 11 U.S.C. §§ 544(a) AND 547(b)**

Trustee, Kelly M. Hagan, by and through her attorneys, Beadle, Burket, Sweet & Savage, P.L.C., states for her Complaint to Avoid Transfer of Mortgage Pursuant to 11 U.S.C. §§ 544(a) and 547(b) as follows:

**Jurisdiction**

1.    On November 8, 2004, Andrea N. Matkovic ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978 as Amended, Title 11 ("Petition Date").

2.    Subsequent to the aforementioned filing, Kelly M. Hagan was appointed the duly qualified and acting Trustee in this matter.

3.    Howard LaDuke, Jr. ("LaDuke" or "Defendant"), upon information and belief, has a mailing address of 2376 Wieman Road, Beaverton, Michigan 48612.

4.    This Court has jurisdiction to preside over this proceeding, pursuant to 28 U.S.C. § 1334.

5.    This Adversary Proceeding is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(F) and (K).

**General Allegations**

6.      Debtor has a fee simple interest in real property commonly known as 2376 Wieman Road, Beaverton, Michigan 48612 ("Property") which is more particularly described as:

> Property located in the Township of Hay, County of Gladwin, State of Michigan, Lots 422 and 423, Whitney Beach No. 8, Hay Township, Gladwin County, Michigan, as recorded in Liber 8 of Plats, Page 30, Gladwin County Records. Tax ID No. 110-378-000-422-00

7.      On March 31, 2004, Debtor executed a note to LaDuke in the amount of $16,500.00 (the "Note").

8.      On March 31, 2004, Debtor executed a mortgage document granting LaDuke a mortgage on the Property securing the indebtedness on the Note (the "Mortgage"). A copy of the Note and Mortgage are attached hereto as Exhibit "A."

9.      The execution and delivery of the Mortgage by the Debtor was a transfer of an interest of the Debtor in the Property.

10.      Pursuant to a search of the records in the Office of the Register of Deeds for Gladwin County, State of Michigan, Defendant has failed to record the Mortgage with the Gladwin County Register of Deeds prior to the Petition Date.

**COUNT I**
**AVOIDANCE BY THE TRUSTEE OF THE MORTGAGE**
**PURSUANT TO §544(a) OF THE BANKRUPTCY CODE**

11.      Trustee re-alleges and reincorporates Paragraphs 1 through 10 above as though more fully set forth herein.

12.      Pursuant to 11 U.S.C. §544(a)(1), the Trustee has rights and powers of a creditor that has extended credit to the debtor at the time of the commencement of the case, and that obtains at such time and with respect to such credit, a judicial lien on all property.

13.      Pursuant to 11 U.S.C. §544(a) (2), the Trustee has rights and powers of a creditor that extended credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time.

2

14.     Pursuant to 11 U.S.C. §544(a)(3), the Trustee has the rights and powers of a bona fide purchaser of the Property from the Debtor which is perfected at the time of the commencement of the case.

15.     The Trustee did not have any notice or knowledge of any legal or equitable interest in the Property that is claimed by Defendant as of the commencement of the case.

16.     Defendant's security interest in the Property is voidable  pursuant to 11 U.S.C. §544(a)(1), (2) and (3) by the Trustee.

**WHEREFORE**, the Trustee prays that this Honorable Court avoid the Mortgage and preserve the voided security interests in the Property for the benefit of the estate and for such other and further relief this court deems just and proper.

## COUNT II
## AVOIDANCE OF MORTGAGE
## AS PREFERENTIAL UNDER 11 U.S.C. § 547

17.     Trustee re-states the allegations contained Paragraphs 1 through 16 above as if fully stated herein.

18.     As of the Petition Date, the Mortgage was not recorded with the Register of Deeds for the County of Gladwin.

19.     Pursuant to 11 U.S.C. § 547(e)(2), the transfer of the Mortgage from the Debtor to Defendant occurred immediately  prior to the Petition Date (the "Transfer").

20.     Defendant was a creditor of the Debtor at the time of the Transfer.

21.     The Transfer made by the Debtor was to or for the benefit of Defendant.

22.     The Transfer was for or on account of the Note, an antecedent debt owed by the Debtor to Defendant before such Transfer was made.

23.     The Transfer was made while the Debtor was insolvent.

24.     The Transfer was made within ninety (90) days preceding the Petition Date.

25.     The Transfer would allow Defendant to recover more than it would have recovered in a Chapter 7 distribution had the Transfer not been made.

**WHEREFORE**, the Trustee, Kelly M. Hagan, respectfully requests that this Honorable Court avoid the Transfer pursuant to 11 U.S.C. § 547(b), preserve such avoided security interest in the Property for the benefit of the estate and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

BEADLE, BURKET, SWEET & SAVAGE, PLC


 /S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
803 West Big Beaver Road, Suite 203-A
Troy, MI 48084
(248) 744-0330 (phone); (248) 744-0331 (fax)
Dated: 5/17/05                                         ksmith@bbssplc.com